## SKILLMAN vs. BETHANY & AL.

APPEAL from the court of the third district.

MATHEWS, J. delivered the opinion of the court    This is a case in which the plaintiff caused a quantity of cotton to be attached, as the property of Bethany, for the purpose of recovering a debt alleged to be due and owing to him from said Bethany.    Before judgement was obtained against the defendant in the attachment, the claimants intervened in the suit, claiming the cotton as belonging to them in consequence of a previous sale, or transfer and

The property of a debtor may be attached in the possession of third person to whom it was transfered and delivered as a security for refunding any disbursements made on account of the said debtor. But the claim of the attaching creditor will be postponed to that of the said third person for

delivery which took place in the state of Mis-
sissippi between them and the defendant.—
Judgement was rendered in the court below,
sustaining the attachment and condemning the
defendant to the payment of the debt and costs the amount of
the disburse-
from which the interpleaders appealed. ments so made
by him.

The evidence of the case shews that Bethany
drew a bill of exchange on the claimants for
five hundred dollars, and promised as an in-
ducement, for them to accept said bill, to de-
liver to them his crop of cotton.    It appears
also from a statement of an account current
between Bethany and Munce & Carson, that
the former was indebted to them in a consider-
able sum besides the bill above stated.    It is in
proof that the cotton, which was afterwards
attached, had been delivered to an authorized
agent of the claimants, and that they had
marked the bales, in which it was contained,
with the initials of three names, and that after
the seizure under the writ of attachment it was
delivered over to them on bond and security,
&c. and was by them sold, and the price re-
tained amounting to $1,145 29 cents.

As there was no price stipulated between
the defendant and the claimants, at, or previ-
ous to the delivery of the cotton to the latter,

East'nDistrict.
   Jan. 1824.

SKILLMAN
   vs.
BETHANY & AL

the transaction cannot be considered as a sale, and tradition which changed absolutely the right of property in the thing. Neither can the contract between them be considered a *dation en payment* by which ownership was changed, for there was no stipulation to that effect: even the amount claimed by the appellees, from Bethany, does not appear to have been exhibited, by themselves or their agents, to him at the time when the cotton is said to have been delivered. By their delivery, the defendant did not cease to be proprietor of the thing delivered, and it was liable to be attached as his property. The attachment was therefore properly sustained by the District Court, and the judgement, so far as it affects said defendant, is clearly correct.

The only question remaining to be settled is, as to the extent of the lien which the interpleaders have on said cotton, as agents or factors, holding legal possession of it. Whether this privilege was to extend to the whole amount which appears to be owing to them, according to the statement of their account current, or only that of the bill which they accepted? The delivery of the cotton having been made expressly as a security for refund-

ing to them, any disbursement which they might make, or assume to make for the drawer on account of his draft, to satisfy that claim they must be prefered to the attaching creditor. But in relation to the sum due to them on general account, the article not having been given, or received as a payment, and as the credit given, was not in consequence of any promise on the part of the debtor, or agency of the creditors relating to said cotton; we are of opinion that in this respect they ought not to be placed on a better foo ing than the plaintiff in attachment. If it be further taken into view, that there is no evidence to support the reality, or just existence of the debt claimed in the account current, no doubt can remain of the correctness of the judgement of the court below.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be affirmed, with costs.

*Watts & Lobdell* for the plaintiff, *Workman* for the defendant.